Donald P. MOORE, Sr. and Gibson–Moore Properties, Inc., Appellants,

v.

UNITED NATIONAL BANK, Appellee.

No. 2–91–043–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1991.

Rehearing Overruled Jan. 22, 1992.

Michael D. Duncan, and Bragg, Chumlea, McQuality, Smithers & Curry and Joe Chumlea, Dallas, for appellants.

Carrington, Coleman, Sloman & Blumenthal and William B. Dawson and Linda M. Hood, Dallas, and Stephen E. Reese, Denton, for appellee.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Donald B. Moore, Sr., and Gibson–Moore Properties, Inc., appeal from a take-nothing summary judgment in favor of United National Bank, the appellee.

The appellants contend in two points of error that the trial court erred by granting the appellee's motion for summary judgment. We will affirm only if the record establishes that the appellee has conclusively proved its defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

We affirm because we hold that federally insured banks are entitled to charge an unlimited rate of interest on loans secured by residential real estate liens since state banks are not limited in the amount that they can charge for those loans.

The appellants brought a claim of usury under Texas law against United. United moved for summary judgment, alleging that the appellants' claims were preempted by federal law, and arguing that the appellants could not prevail on usury claims under either state or federal law. The appellants amended their petition to present a federal usury claim. Their response to United's motion for summary judgment addressed federal usury issues.

The appellants urge in point of error number one that the trial court erred by granting a final judgment disposing of all parties and claims when it was in fact interlocutory because there remained unadjudicated claims raised by them. They contend that the motion for summary judg-

ment filed by United did not address their federal usury claim that they brought in their amended petition. We note, however, that United, in seeking summary judgment, alleged not only that the appellants' claim under Texas law had been preempted by federal law, but also that the appellants had no claim under federal law because the notes in question were not usurious under either Texas law or federal law. We therefore hold that United's motion for summary judgment properly addressed the issue of usury under federal law as raised by the appellants' amended petition. We overrule point of error number one.

The appellants insist in point of error number two that the trial court erred by granting United's motion for summary judgment. Appellants contend United is subject to the interest rates and usury penalties established by 12 U.S.C.A. secs. 85 and 86 (West 1989), and that those rates and penalties are not preempted by 12 U.S.C.A. sec. 1735f–7(a) (West 1989).

12 U.S.C.A. sec. 85 (West 1989) provides that:

> Any association may take, receive, reserve, and charge ... interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate ..., whichever may be the greater, and no more, except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under this chapter. When no rate is fixed by the laws of the State, or Territory, or District, the bank may take, receive, reserve, or charge a rate not exceeding 7 per centum, or 1 per centum in excess of the discount rate ..., whichever may be the greater.

*Id.*

The notes in question are notes secured by first liens on residential real estate. As the appellants point out, 12 U.S.C.A. sec. 1735f–7(a)(1) (West 1989) preempts state interest ceilings on loans

that are secured by residential real estate. Appellants take the position that because of this preemption, "no rate is fixed by state law," and the maximum lawful interest rate United can charge under section 85 is the greater of seven percent or one percent over the relevant discount rate. Actually, however, in Texas there is an unlimited ceiling on loans secured by residential real estate. Therefore, there is no limit on what rate United may charge for loans secured by residential real estate. *See Hiatt v. San Francisco National Bank*, 361 F.2d 504, 507 (9th Cir.), *cert. denied*, 385 U.S. 948, 87 S.Ct. 323, 17 L.Ed.2d 227 (1966).

All of the federal statutes cited are part of the Depository Institutions Deregulation and Monetary Control Act of 1980, 12 U.S.C.A. sec. 4a *et seq.* (West 1989), or DIDMCA. The appellants present a compelling argument that a literal reading of section 85 would require a different result. However, their interpretation of section 85 is inconsistent with one of the purposes of the act, which was to make sure federally insured institutions were not at a competitive disadvantage as a result of state usury laws. *See Gavey Properties/762 v. First Financial Sav. & Loan Assoc.*, 845 F.2d 519, 521 (5th Cir.1988). In *Hiatt*, the court stated that there was a congressional intent that the competitive opportunities of a national bank operating in a certain state should not be impeded by congressional limitations on interest charges that are more restrictive than the state limitations upon the state's banks. *Hiatt*, 361 F.2d at 507. The appellants cite no case authority in support of their position. Even if the cases that we rely on are distinguishable in some specific way as the appellants urge, we find that they are determinative based on the general principle upon which we rely. We overrule point of error number two.

The judgment is affirmed.